## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| **King Grant-Davis,** ) | Case No. 2:15-cv-4211-PMD-MGB |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Shane Fortune, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____ ) | |

Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983, against five defendants. Plaintiff is proceeding pro se and in forma pauperis ("IFP"). This case is in proper form and ready for review. Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge. Upon careful review, the Magistrate Judge recommends that the complaint be **<u>dismissed with prejudice</u>**, and without service of process, for the following reasons:

<u>I. Factual Allegations</u>

The pro se Plaintiff complains that on October 16, 2012, he was apprehended for suspected shoplifting of athletic shoes at a Wal-Mart store in Charleston, South Carolina. (DE# 1 at 2-3). He contends that after he attempted to run out of the store and evade the security guards, he was "thrown to the ground" and restrained by three security guards. (*Id*. at ¶ 3). He alleges that several of these individuals, whom he has not identified, used racial epithets while apprehending him. He alleges injury, such as a cut on his hand. The police arrived, and according to Plaintiff, "tried to interrogate" him, but Plaintiff became agitated and was transported by EMS for medical attention.

(*Id*. at ¶ 5). Criminal charges of shoplifting were lodged against Plaintiff. (*Id*. at ¶ 6, ¶ 7). Plaintiff was indicted in state court for this shoplifting offense. He pleaded guilty on April 29, 2013, and was sentenced. See Case No. 2012A1010201975. [1] Plaintiff now inconsistently claims that he bought the shoes at Goodwill.  Plaintiff is suing one of the security guards, three store supervisors (who had no personal involvement in the incident), and the Wal-Mart store located at 3591 West Ashley Circle, Charleston, South Carolina. Although Plaintiff admitted shoplifting and was criminally convicted of the criminal charge arising from this incident, he alleges that the five Defendants (one security guard, three store supervisors, and the store itself) violated his "federal civil rights and federal constitutional rights." He seeks monetary damages in the amount of $1,500,00.00. (*Id*. at ¶ IV).

## II.  Relevant Law

### A.  Pro Se IFP Non-Prisoner Complaint

Plaintiff is proceeding pro se and IFP. At the time he filed the instant Complaint on October 13, 2015, he was not incarcerated. [2] "Ex-prisoners are not prisoners; after release, the PLRA does not apply to them." *Bardes v. Magera*, 2008 WL 2627134 (D.S.C. June 25, 2008). If a plaintiff "does not meet the PLRA's definition of prisoner," the complaint is not subject to the PLRA's screening requirements. *Michau v. Charleston Cty., S. C*., 434 F.3d 725, 727-28 (4th Cir. 2006), *cert. denied*, 548 U.S. 910 (2006) (citing 28 U.S.C.A. § 1915A(b)(1)).

---

[1] See http://jcmsweb.charlestoncounty.org/PublicIndex (site last visited November 19, 2015).

[2] Public records reflect that Plaintiff has pleaded guilty to other criminal charges in South Carolina and has been incarcerated at various times. See Case Nos. #2013A1010203425, #2013A1010206993, #81646GG (sentenced to time already served). Although other criminal charges are currently pending against him (see Case No. 2015A1010203703), any resulting incarceration would not affect the analysis here, as Plaintiff was not a prisoner when he filed the instant Complaint.

Title 28 U.S.C.A. § 1915(e) governs IFP filings and provides that a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim on which relief may be granted. 28 U.S.C.A. § 1915(e)(2)(B)(i-ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory (such as "claims of infringement of a legal interest which clearly does not exist") or clearly baseless factual contentions (such as "claims describing fantastic or delusional scenarios") may be dismissed *sua sponte* at any time. *Neitzke v. Williams*, 490 U.S. 319, 327-328 (1989).

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Id.* at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

B.  Liberal Construction

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S.

1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III.  Analysis

A civil action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a § 1983 claim, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liberally construing Plaintiff's Complaint as an attempt to bring a civil rights action under 42 U.S.C. § 1983, and even assuming that the Complaint's nonconlusory allegations are true, this case is subject to summary dismissal. Plaintiff's § 1983 claim fails at the second element because all five Defendants are private actors. *See, e.g., Brunson v. FBI*, Case No. No. 3:08-2965-JFA-BM, 2008 WL 4511049 (D.S.C. 2008) ("the United States Constitution regulates only the Government, not private parties"). Plaintiff may not sue private parties for federal constitutional violations pursuant to 42 U.S.C. § 1983, because they are not "state actors." *Hurt v. G.C. Murphy Co.*, 800 F.2d 260 (4th Cir. 1986) (affirming dismissal of suspected shoplifter's § 1983 suit against store because there was no state action by private defendants); *and see, e.g., Gibson v. Chaplin*, Case No. 3:13–2490–JFA–PJG, 2013 WL 6150782, *4 (D.S.C.) (dismissing § 1983 action where defendant was a private party "who did not act under color of state law").

Although Plaintiff alleges "violation of his constitutional rights," the face of the Complaint indicates that the alleged acts were not committed by persons acting "under the color of state law."

The United States Supreme Court has emphasized that this element excludes "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)); *and see, Asbury v. Tartarsky*, Case No. 8:13–cv–3364–RMG, 2015 WL 1120081, *4 n.5 (D.S.C.) (observing that "the under-color-of-state-law element …reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments"), *aff'd by* 616 F.App'x 71 (4th Cir. 2015).

"Generally, the acts of private security guards, hired by a store, do not constitute state action under § 1983." *Guiducci v. Kohl's Dep't Stores*, 320 F.Supp.2d 35, 37 (E.D.N.Y. 2004) (collecting cases); *Allen v. Columbia Mall, Inc.*, 47 F.Supp.2d 605 (D.Md. 1999) (store security guards who stopped suspected shoplifter were not acting "under color of state law"); *Stanley v. Goodwin*, 475 F.Supp.2d 1026 (D.Hawaii 2006) (dismissing pro se § 1983 action because security guard who apprehended shoplifter was not a "state actor" for purposes of § 1983), *aff'd by* 262 F.App'x 786 (9th Cir. 2007). In the present case, Wal-Mart employees called the police to have a suspected shoplifter arrested, a situation that courts have repeatedly held does not constitute state action in most circumstances. *See, e.g., Powiser v. Non-Ton, Inc.,* 426 F.Supp.2d 165, 171 (S.D.N.Y. 2006), *aff'd by* 232 F.App'x 26 (2d Cir. 2007). The present case involves purely private conduct by store employees. Plaintiff's Complaint fails to state a claim against the Defendants pursuant to § 1983 and should be summarily dismissed.

In addition, to the extent Plaintiff seeks to sue store supervisors who had no personal involvement, a plaintiff must allege facts indicating that a defendant acted *personally* in the alleged deprivation of plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 676 (explaining that "vicarious liability is inapplicable to ... § 1983 suits"); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 692

(1978) (observing that § 1983 does not "impose liability vicariously"). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See, e.g., Reaves v. Richardson*, Case No. 4:09–820–TLW–SVH, 2011 WL 2119318, *6 (D.S.C.) ("without such personal involvement, there can be no liability under section 1983"), *adopted by* 2011 WL 2112100 (D.S.C. May 27, 2011).

Finally, to the extent Plaintiff is attempting to claim in this civil action that he did not steal the shoes from Wal-Mart and instead, bought them from Goodwill (DE# 1 at 2-3), Plaintiff admitted stealing the shoes when he pleaded guilty to such criminal offense. The United States Supreme Court has held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments" and that this "applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff has not alleged, and the record does not indicate, that his conviction or sentence has been reversed on direct appeal, expunged, declared invalid, or otherwise called into question. *Id*. To the extent Plaintiff is attempting to challenge the factual basis for his guilty plea and shoplifting conviction, he may not do so in this civil action. Such claim would be barred from consideration here by the Supreme Court's holding in *Heck v. Humphrey*.

IV. Conclusion

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's Complaint fails to state a claim for relief and should be **dismissed with prejudice** and without service of process.

November 20, 2015
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the *important notice* on following page:

Page **6** of **6**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).