# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| King Grant-Davis, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:15-cv-4211-PMD-MGB |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Shane Fortune; Scott Bliemeister; Jerome Burgess; Greg Ley, of Wal-Mart, Charleston, South Carolina District; and Wal-Mart Stores, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's objections to the Report and Recommendation ("R & R") Magistrate Judge Mary Gordon Baker filed in this case (ECF Nos. 9 & 12). Magistrate Judge Baker reviewed Plaintiff's *pro se* complaint pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.). In her R & R, she recommends dismissing the complaint with prejudice and without service of process.

Plaintiff filed this action against Wal-Mart and several employees of one of its local stores. Plaintiff alleges the employee defendants assaulted and battered him, shouted racial slurs at him, and caused him to be falsely arrested and prosecuted for shoplifting. Plaintiff does not explicitly cite any specific statutes, doctrines, or common law legal theories on which his complaint is based. Instead, styling his complaint as a "federal civil rights and federal constitutional rights complaint," Plaintiff alleges throughout his complaint that Defendants violated his rights under the Constitution and under federal law. (Compl, ECF No. 1, at 3, 8, 9.)

Based on that characterization and those allegations, Magistrate Judge Baker began her R & R by construing the complaint as one alleging only violations of 42 U.S.C. § 1983. She then

recited the two basic elements of a § 1983 claim: (1) a right secured by the Constitution and laws of the United States was violated (2) by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Magistrate Judge Baker concluded the complaint fails to satisfy the second element because it does not allege facts showing that Defendants, who are all non-government actors, acted under color of state law. Based on that failure, Magistrate Judge Baker recommended that this Court dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. She then went on to articulate two other reasons that Plaintiff's complaint should be dismissed.

Although Plaintiff has lodged specific objections to several portions of the R & R, he did not object to Magistrate Judge Baker construing his complaint as one alleging only violation of § 1983 or to her reasoning that Defendants cannot be liable under § 1983 because they were not acting under color of state law. There being no objection to those portions of the R & R, the Court has satisfied itself that those portions are not clearly erroneous, and it adopts them. *See Byrd v. Stirling*, No. 6:15-cv-3471-PMD-KFM, 2015 WL 7251268, at \*2 (D.S.C. Nov. 5, 2015) ("[A]s to those portions of the R & R to which no specific objection is made[,] this Court 'must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quotation marks from *Diamond* omitted).

Plaintiff's failure to allege facts showing activity under color of state law is dispositive. *See, e.g.*, *Hurt v. G.C. Murphy Co.*, 624 F. Supp. 512, 514 (S.D. W. Va.) (dismissing suspected shoplifter's § 1983 suit against private store because plaintiff had not alleged facts showing any state action by store), *aff'd*, 800 F.2d 260 (4th Cir. 1986) (unpublished table decision) (per curiam). Thus, the Court need not address Plaintiff's objections or any other portion of the R &

R.  *Cf., e.g.*, *Kendley v. Univ. of S.C.*, No. 3:09-cv-786-CMC-PJG, 2009 WL 5194997, at *1 (D.S.C. Dec. 22, 2009) (adopting magistrate's report and recommendation without considering plaintiff's objections, as the objections, which addressed merits of plaintiff's claims, were not relevant to magistrate's recommendation to dismiss for lack of jurisdiction).

Finally, contending that the statute of limitations period on his claims expired shortly after he filed suit in this Court, Plaintiff asks that his case be remanded to South Carolina state court so that he may pursue his claims there without running afoul of the statute of limitations. This is not a valid objection to the R & R, but in any event, proceeding in state court would be futile given Plaintiff's failure to state a claim.

## CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's objections are **OVERRULED** and that the complaint is **DISMISSED** with prejudice and without service of process.

**AND IT IS SO ORDERED.**

*(signature)*
PATRICK MICHAEL DUFFY
United States District Judge

**December 7, 2015**
**Charleston, South Carolina**

3